UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| C. TATE GEORGE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> EAST ORANGE HOUSING AUTHORITY, et al., <br><br> Defendants. | Civ. No. 15-2296 (KM) (MAH) <br><br> OPINION |

**KEVIN MCNULTY, U.S.D.J.:**

*Pro se* plaintiff C. Tate George[1] ("George") brings this this action against defendants East Orange Housing Authority, Mark Damato, East Orange Board of Commissioners (collectively, "East Orange"), and "Diana Johnson of 'HUD' Department of Housing and Urban Development" ("HUD"). George alleges that he was damaged as a result of the defendants' intentional concealment of a tax lien on a property he was hired to develop. HUD moves to dismiss the complaint for lack jurisdiction. East Orange also moves to dismiss the complaint for lack of jurisdiction, as well as failure to comply with the statute of limitations. For the reasons set out below, defendants' motions to dismiss are GRANTED and the complaint is DISMISSED WITH PREJUDICE.

I.   **BACKGROUND**

George alleges that in May 2007, he and his companies were selected as the developer of a redevelopment project named "Arcadian Gardens Redevelopment Plan" in East Orange, New Jersey. Although the property to be

---

[1] There are also two corporate co-plaintiffs in this action: George Group LLC and Alexsys Heights LLC. Licensed counsel for the corporate plaintiffs has not made an appearance, *see* 28 U.S.C. § 1654, and George, a *pro se* plaintiff, may represent only himself. These claims are therefore dismissed with prejudice. *See U.S. v. Twenty Miljam-350 IED Jammers*, 669 F.3d 78, 91 (2d Cir. 2011); *U.S. v. High Country Broadcasting Co.*, 3 F.3d 1244 (9th Cir. 1993).

1

developed was represented as tax exempt, it turned out to have a substantial tax lien. George alleges that defendants knew that the lien could torpedo the project but intentionally hid this fact from him. (Compl. ¶¶ 8-11, 24, 89-91)

In November 2008, George learned about the tax lien from a project manager, who informed George that a necessary tax credit application could not be completed because of it. George says that defendants encouraged him to pour resources into the project even though they were aware of the lien. In the end, however, "the project was doomed to fail from the start due to the lack of disclosure of the tax lien." George alleges that he and his companies suffered over $75,000 in damages. (Compl. ¶¶ 34, 70, 95, 97)

Over six years after he discovered the tax lien, George filed a complaint in the Superior Court of New Jersey on February 23, 2015. Its allegations are vague and no causes of action are specified or directed towards any particular defendant. It is clear enough, however, that George intends to assert claims for fraud, misrepresentation, and negligence against HUD and East Orange. (See, e.g. Compl. ¶¶ 39, 41, 95, 97, 98)

HUD removed the action to this Court on April 1, 2015. Shortly thereafter, on April 10, 2015, it moved to dismiss the complaint for failure to exhaust administrative remedies under the Federal Tort Claims Act ("FTCA"). (ECF. Nos. 1, 2) Ten days later, East Orange "cross-moved" to dismiss the complaint as time-barred. (ECF No. 3) East Orange also contended that the claims of the complaint sounded in breach of contract, and were therefore required to be heard in the United States Court of Federal Claims.

Between April and October 2015, George sent a number of letters to the Court, indicating that he intended to assert tort, not contract, claims. His letters stated that he had submitted an administrative tort claim in July 2015, which was denied in September 2015. (ECF Nos. 5-8) In March 2016, I administratively terminated defendants' motions to dismiss and requested counsel to reformulate and refile them in light of George's submissions, which

seemed to indicate (contrary to defendants' assertions) that he had exhausted administrative remedies. (ECF No. 9)

Defendants refiled their motions to dismiss in March and April of 2016. HUD reprised its argument that George failed to exhaust administrative remedies before filing suit. East Orange once again asserted that George's claims should be heard in the Court of Federal Claims and that, in any event, they are time-barred. (ECF Nos. 10-11) George belatedly responded to both parties' motions to dismiss by way of letter on April 14, 2016. (ECF no. 13) In that letter response, George once again indicated that he intends to assert tort claims against defendants. (*Id.* ("All three [defendants] show major negligence by putting out an [request for proposal] for services to hire a developer for a certain property called the Arcadian Gardens Redevelopment project . . . All parties listed in the suit had prior notice of an on-going tax lien in excess of $1 million dollars . . . that caused immeasurable damages to the plaintiff and its investors alike.")

## II. DISCUSSION

### A. Standard of Review

HUD and East Orange move to dismiss the complaint for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Lack of subject matter jurisdiction may be raised at any time. *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 437-38 (D.N.J. 1999). Rule 12(b)(1) challenges may be either facial or factual attacks. *See* 2 Moore's Federal Practice § 12.30[4] (3d ed. 2007); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). A facial challenge asserts that the complaint does not allege sufficient grounds to establish subject matter jurisdiction. *Iwanowa*, 67 F. Supp. 2d at 438. A court considering such a facial challenge assumes that the allegations in the complaint are true, and may dismiss the complaint only if it nevertheless appears that the plaintiff will not be able to assert a colorable claim of subject matter jurisdiction. *Cardio–Med. Assoc., Ltd. v. Crozer–Chester Med. Ctr.*, 721 F.2d 68, 75 (3d Cir. 1983); *Iwanowa*, 67 F. Supp. 2d at 438.

3

The East Orange defendants also move to dismiss the complaint as time-barred. Under Fed. R. Civ. P. 8(c), the statute of limitations is an affirmative defense. The limitations defense may nevertheless be raised in a motion under Rule 12(b)(6), but only if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Bethel v. Jendoco Const. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978) (quoting *Hanna v. U.S. Veterans' Admin. Hosp.*, 514 F.2d 1092, 1094 (3d Cir. 1975) (internal quotations omitted)); *Cito v. Bridgewater Twp. Police Dep't*, 892 F.2d 23, 25 (3d Cir. 1989). "If the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)." *Bethel*, 570 F.2d at 1174.

Where a plaintiff, like George here, is proceeding *pro se*, the complaint is "to be liberally construed," and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). "While a litigant's pro se status requires a court to construe the allegations in the complaint liberally, a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted).

### B. Analysis

#### 1. HUD's Motion to Dismiss

HUD argues that George's complaint should be dismissed because he failed to exhaust administrative remedies as required by the FTCA.

"[T]he United States, as sovereign, is immune from suit save as it consents to be sued" and "the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Mitchell*, 445 U.S. 535, 538 (1980). The FTCA provides a limited waiver of sovereign

immunity. Subject to a number of exceptions and conditions, it allows a plaintiff to recover damages for "injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. §§ 1346(b); 2679(b)(1). One of those conditions is that a plaintiff may not bring suit against the United States "unless [he] shall have first presented the claim to the appropriate federal agency and his claim shall have been finally denied by the agency in writing." 28 U.S.C. § 2675(a). The relevant time for measuring jurisdiction is the time of filing the complaint. In *McNeil v. United States*, the Court upheld the dismissal of a *pro se* plaintiff's claim under the FTCA where the plaintiff filed a claim for administrative relief only *after* filing suit. 508 U.S. 106, 111-12 (1993).

It is now clear from the renewed briefing that George, like the plaintiff in *McNeil*, filed an administrative tort claim only *after* initiating this action. This Court therefore lacks jurisdiction to entertain George's complaint. HUD's motion to dismiss is GRANTED. 2

---

2   Besides the failure to exhaust administrative remedies, the complaint contains at least three other fatal defects.

First, a tort claim based on misrepresentation, deceit, or interference with contract rights is excluded from the waiver of sovereign immunity under the FTCA. *See, e.g.* 28 U.S.C. § 2680(h); *United States v. Berk & Berk*, 767 F. Supp. 593, 601-02 (D.N.J. 1991).

Second, an administrative tort claim must be presented to the appropriate agency within two years of accrual of the cause of action. 28 U.S.C. § 2401(b). Although the events giving rise to the complaint occurred more than seven years ago, George first filed an administrative claim with HUD on July 15, 2015. (ECF No. 6) From the face of the complaint it is apparent that George knew by November 2008 that the property he hoped to develop had a tax lien, and that this fact had been withheld (if it was) by HUD and East Orange. *See Zeleznik v. United States*, (3d Cir. 1985) ("In most cases, when a person learns of his injury, he is on notice that there has been an invasion of his legal rights, and that he should determine whether another may be liable to him.") Accordingly, George was required to file an administrative claim by November 2010, at the latest, but he failed to do so.

Third, the FTCA does not permit a government agency to be sued in its own capacity, or a government employee acting within the scope of her employment to be sued in her own capacity. *See, e.g., Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990) ("Failure to name the United States as a defendant in an FTCA suit results in a fatal lack of jurisdiction."); *Allen v. Veterans Admin.*, 749 F.2d 1386, 1388 (9th Cir. 1984) ("Individual agencies of the United States may not be sued."); *Dilg v. United States Postal Serv.*, 635 F. Supp. 406 (D.N.J. 1985)

## 2. East Orange's Cross-Motion to Dismiss

East Orange argues that this Court lacks jurisdiction over the complaint because George actually brings contract claims which must be heard in the Court of Federal Claims pursuant to the Tucker Act. *See* 28 U.S.C. §§ 1346(a)(2). While the complaint contains a stray allegation or two concerning a purported "breach of agreement" (*e.g.*, Compl. ¶ 98), there are no specific allegations setting forth the key elements of a contract claim, like offer and acceptance or consideration. George himself does not seem to believe he has asserted contract claims. And the complaint, although not perfectly clear, is more naturally read as asserting claims sounding in tort. (*e.g.*, *id.*) ("*They all deliberately lied to the Company, withheld vital information with the property, that later hurt the Company and its investors[.]*") (emphasis in original)) Because George is not asserting contract claims, I will not dismiss the complaint on this ground.[3]

The complaint, however, is clearly time-barred. In New Jersey, fraud, negligent misrepresentation, and negligence all have a six-year statute of limitations. N.J. Stat. Ann. § 2A:14-1 (six -year statute of limitations to injuries to real or personal property); *see also Kaufman v. i-Stat Corp.*, 165 N.J. 94, 109 (2000) (fraud); *Rapid Models & Prototypes, Inc. v. Innovated Solutions*, 71 F. Supp. 492, 505 (D.N.J. 2014) (negligent misrepresentation). As noted above, George alleges that he knew of the tax lien by November 2008 and surely knew

---

(same). Here, George has not named as defendant the United States, but rather HUD and its employee. This defect might be cured by amendment, were it not for all the others.

[3]     Even if the complaint is read as asserting contract claims, it is not clear that the "Court of Federal Claims would [have] exclusive jurisdiction over the entire matter" (*i.e.*, George's claims against East Orange). (East Orange Br. 9) Indeed, "[t]he jurisdiction of the Court of Claims is confined to the rendition of money judgments in actions brought for that relief against the United States, and if the relief is sought against anyone other than the United States, the action as to them must be ignored as beyond the jurisdiction of the court, or if its maintenance against private parties is a prerequisite to prosecution of the action against the United States, the action must be dismissed." Wright & Miller, 17 Fed. Prac. & Proc. § 4101 n.28 (3d ed.) (citing *United States v. Sherwood*, 312 U.S. 584 (1941)). As to HUD, however, it is clear that any contract claims would be time-barred under the Tucker Act's six-year statute of limitations. *See* 28 U.S.C. § 2501; *United States v. Kwai Fun Wong*, 135 S.Ct. 1625, 1634 (2015) (noting that claims brought under the Tucker Act are not subject to equitable tolling).

6

or should have known that it posed serious problems to the development project. Any cause of action for fraud, misrepresentation, or negligence would have accrued at that time. Six years from November 2008 is November 2014. George filed the complaint in New Jersey state court in February 2015. The complaint is therefore time-barred. East Orange's motion to dismiss is GRANTED.

### III. CONCLUSION

For the foregoing reasons, the motion to dismiss of defendants HUD and East Orange is GRANTED and the complaint is DISMISSED WITH PREJUDICE. An appropriate Order shall accompany this Opinion.

Dated: November 10, 2016

*[signature]*

**KEVIN MCNULTY**
**United States District Judge**