**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| **C. TATE GEORGE, et al.,** | |
| **Plaintiffs,** | Civ. No. 15-2296 (KM) (MAH) |
| **v.** | **OPINION & ORDER** |
| **EAST ORANGE HOUSING AUTHORITY, et al.,** | |
| **Defendants.** | |

*Pro se* plaintiff C. Tate George brought this this action against defendants East Orange Housing Authority, Mark Damato, East Orange Board of Commissioners (collectively, "East Orange"), and "Diana Johnson of 'HUD' Department of Housing and Urban Development" ("HUD"). Mr. George seeks damages allegedly resulting from the defendants' concealment of a tax lien on a property he was hired to develop. On November 10, 2016, I filed an Order and Opinion granting the defendants' motions to dismiss the complaint, partly for lack of subject matter jurisdiction and partly for untimeliness under the applicable statute of limitations. (ECF nos. 19, 20) On December 5, 2016, Mr. George filed a Notice of Appeal to the United States Court of Appeals for the Third Circuit. (ECF no. 21)

Now before the court is Mr. George's Motion for Stay Pending Appeal. (ECF no. 22) Although the format is confusing,[1] it is clear enough that Mr. George intends to move for a stay of my November 10, 2016 order pending resolution of his appeal to the Third Circuit, pursuant to Fed. R. App. P. 8(a).

"[T]he standard for obtaining a stay pending appeal is essentially the same as that for obtaining a preliminary injunction." *Conestoga Wood Specialities Corp. v. Secretary of U.S. Dept. of Health and Human Services*, 2013

---

[1] The notice of motion attaches a notice of appeal to the New Jersey Superior Court, Appellate Division.

WL 1277419 at *1 (3d Cir. Feb. 8, 2013). Like most preliminary injunctions, a stay pending appeal is governed by four equitable factors:

"(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;

(2) whether the applicant will be irreparably injured absent a stay;

(3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and

(4) where the public interest lies."

*Nken v. Holder*, 556 U.S. 418, 434 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) (line breaks added for clarity)). *Accord Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004).[2]

Clearly, the application must be denied.

Plaintiff's motion does not address the merits at all. There is no showing, "strong" or otherwise, of likelihood of success on appeal.

Nor is there any showing of irreparable injury. This is an action in which the plaintiff sought damages. By definition, the court's denial of damages is an injury that can be remedied by an award of damages. And an injury that can

---

[2]     Although all the factors are relevant, two are critical. A court may not grant injunctive relief, "regardless of what the equities seem to require," unless plaintiffs carry their burden of establishing both a likelihood of success and irreparable harm. *Adams*, 204 F. 3d at 484; *accord Hoxworth v. Blinder, Robinson & Co.*, 903 F.2d 186, 197 (3d Cir. 1990) (placing particular weight on the probability of irreparable harm and the likelihood of success on the merits, stating: "[W]e cannot sustain a preliminary injunction ordered by the district court where either or both of these prerequisites are absent." (quoting *In re Arthur Treacher's Franchisee Litigation*, 689 F.2d 1137, 1143 (3d Cir.1982)); *Morton v. Beyer*, 822 F.2d 364, 367 (3d Cir.1987); *Freixenet, S.A. v. Admiral Wine & Liquor Co.*, 731 F.2d 148, 151 (3d Cir.1984); *American Express*, 669 F.3d at 366, 374. *See also Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 21 (2008) (holding it was error to water down the irreparable harm requirement from "likelihood" to "possibility," even where likelihood of success was strong); *Talbert v. Corizon Medical,* --- F. App'x ----, 2015 WL 3544517 (3d Cir. June 8, 2015) (summarily affirming denial of preliminary injunction based on lack of irreparable harm).

be redressed by damages is the very essence of an injury that is not irreparable, and cannot be the subject of equitable relief.[3]

Indeed, it is difficult to imagine what meaningful relief a stay could afford. The order appealed from dismissed a claim for damages. It does not call upon anyone to do anything. It is unclear what, if anything, needs to be stayed, even from the plaintiff's point of view.

### ORDER

Accordingly, IT IS this 11th day of April, 2017

ORDERED that the motion for a stay pending appeal (ECF no. 22) is DENIED.

**KEVIN MCNULTY**
**United States District Judge**

---

[3]     This Court has often addressed the issue of when a preliminary injunction to prevent immediate irreparable harm is justified and conversely, when other remedies such as money damages are adequate to compensate a plaintiff for past harm. The law in that respect is clear in this Circuit:

> In order to demonstrate irreparable harm the plaintiff must demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial. The preliminary injunction must be the *only* way of protecting the plaintiff from harm. *See e.g., Weinberger v. Romero–Barcelo,* 456 U.S. 305 [102 S. Ct. 1798, 72 L.Ed.2d 91] (1982); *Continental Group, Inc. v. Amoco Chemicals Corp.,* 614 F.2d 351, 356 and n. 9 (3d Cir. 1980).

*Instant Air Freight Co. v. C.F. Air Freight, Inc.,* 882 F.2d 797, 801 (3d Cir. 1989) (emphasis added). In *ECRI v. McGraw–Hill, Inc.,* 809 F.2d 223, 226 (3d Cir. 1987) (citations omitted) we stated:

> Establishing a risk of irreparable harm is not enough. A plaintiff has the burden of proving a "clear showing of immediate irreparable injury." The "requisite *92 feared injury or harm must be irreparable—not merely serious or substantial," and it "must be of a peculiar nature, so that compensation in money cannot atone for it."

*Campbell Soup Co. v. ConAgra, Inc.,* 977 F.2d 86, 91–92 (3d Cir. 1992).